NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY BALDWIN, ) | No. C 06-6416 JF (PR) |
| ) | |
| Petitioner, ) | PARTIAL DISMISSAL ORDER; |
| vs. ) | ORDER TO SHOW CAUSE |
| ) | |
| BOB HOREL, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The Court concludes that one of Petitioner's claims is not cognizable and will dismiss claim one of the instant petition. The Court orders Respondent to show cause as to why the petition should not be granted as to the remaining claims.

**STATEMENT**

Petitioner pled guilty in Santa Clara Superior Court to reckless driving while fleeing a police officer (Cal. Veh. Code § 2800.2(a)), driving under the influence of drugs and alcohol (Cal. Veh. Code § 23152(a)), and using or being under the influence of cocaine (Cal. Health & Safety Code § 11550(a)). On January 20, 2005, Petitioner was

sentenced to twenty-five years-to-life in state prison pursuant to California's "Three Strikes" law. Petitioner appealed his sentence and the state appellate court affirmed the judgment and sentence on October 4, 2004. Petitioner filed a state habeas petition in the state superior court which was denied on November 22, 2005. Petitioner filed a habeas petition in the state appellate court which was denied on January 23, 2006. Petitioner filed a habeas petition in the state supreme court which was denied on October 11, 2006. The instant federal habeas petition was filed on October 13, 2006.

## DISCUSSION

A.   Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   Petitioner's Claims

Petitioner alleges the following claims for federal habeas relief: (1) the trial court abused its discretion in deciding whether to strike the prior "strikes" by failing to follow the California Supreme Court's mandated requirements for the proper exercise of discretion; (2) by mandating a life sentence, the Three Strikes law constitutes cruel and unusual punishment, both on its face and as applied to petitioner in violation of the California and U.S. Constitutions; (3) ineffective assistance of appellate counsel.

Claim one is not cognizable under § 2254 because petitioner's alleged error is based upon California law. A writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986). It is unavailable for violations of state law or

1  for alleged error in the interpretation or application of state law.  <u>Estelle v. McGuire</u>, 502
2  U.S. 62, 67-68 (1991); <u>Engle</u>, 456 U.S. at 119; <u>Peltier v. Wright</u>, 15 F.3d 860, 861-62 (9th
3  Cir. 1994); <u>see, e.g.</u>, <u>Little v. Crawford</u>, 449 F.3d 1075, 1082 (9th Cir. 2006) (claim that
4  state supreme court misapplied state law or departed from its earlier decisions does not
5  provide a ground for habeas relief); <u>Moore v. Rowland</u>, 367 F.3d 1199, 1200 (9th Cir.
6  2004) (per curiam) (state's violation of its separation-of-powers principles does not give
7  rise to a federal due process violation).  Accordingly, claim one is DISMISSED with
8  prejudice.  Liberally construed, Petitioner's remaining claims are sufficient to require a
9  response.  The Court orders Respondent to show cause why the petition should not be
10 granted.

## CONCLUSION

12  1.     Petitioner's claim one of the instant petition is DISMISSED with prejudice.
13  2.     The Clerk shall serve by mail a copy of this order and the petition and all
14 attachments thereto upon Respondent and Respondent's attorney, the Attorney General of
15 the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.
16  3.     Respondent shall file with the Court and serve on Petitioner, within **sixty**
17 **days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the
18 Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should
19 not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of
20 all portions of the state trial record that have been transcribed previously and that are
21 relevant to a determination of the issues presented by the petition.
22     If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
23 with the Court and serving a copy on Respondent within **thirty days** of his receipt of the
24 answer.
25  4.     Respondent may file a motion to dismiss on procedural grounds in lieu of
26 an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules
27 Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file
28 with the Court and serve on Respondent an opposition or statement of non-opposition

1  within **thirty days** of receipt of the motion, and Respondent shall file with the Court and
2  serve on Petitioner a reply within **fifteen days** of receipt of any opposition.
3         5.     It is Petitioner's responsibility to prosecute this case. Petitioner must keep
4  the Court and all parties informed of any change of address by filing a separate paper
5  captioned "Notice of Change of Address." He must comply with the Court's orders in a
6  timely fashion. Failure to do so may result in the dismissal of this action for failure to
7  prosecute pursuant to Federal Rule of Civil Procedure 41(b).
8         IT IS SO ORDERED.
9  DATED:  2/26/07

JEREMY FOGEL
United States District Judge

1  A copy of this order was mailed to the following:

3  Teddy Baldwin
   V-20833
4  CSP-Solano
   P.O. Box 4000
5  Vacaville, CA  95696-4000

Partial Dismissal Order; Order to Show Cause
P:\pro-se\sj.jf\hc.06 \Baldwin416           5